IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-21-10-RAW |
| | ) |
| AARON ISAIAH JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the first motion of the government *in limine*. The defendant has responded (#68). Upon review, the motion will be denied.

Defendant was allegedly involved in a home invasion, along with Eugene Bernard Brown, Jr. ("Brown") and Eugene Bernard Rogers ("Rogers") in January, 2018. Evidently, all three were initially charged in state court. Brown and Rogers entered pleas of guilty to certain charges in state court. The present defendant has evidently been charged in federal court to comply with *McGirt v. Oklahoma,* 140 S.Ct. 2452 (2020).

In the present motion, the government seeks to introduce the contents of both Brown's and Rogers's "Forms 13.10" (a state court form which memorializes a plea of guilty and a summary of facts) for the truth of the matters asserted therein.[1] The government

---

[1] The forms themselves are not before the court. At the court's request, the government addressed (#69) *United States v. Magnan,* 622 Fed.Appx. 719 (10th Cir.2015), but the court agrees the decision is inapposite. The motion only pertains to Counts 1-3 of the superseding indictment (#42).

acknowledges that, in the forms, Brown and Rogers "admit to their criminal conduct, *and in doing so inculpate not only themselves, but also Johnson.*" (#39 at 5)(emphasis added).

Much of the government's motion endeavors to place the statements within exceptions to the hearsay rule (specifically, (a) public records and (b) declaration against penal interest). In this court's view, however, the dispositive issue is the Confrontation Clause and "[w]here testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence . . . . " *Crawford v. Washington,* 541 U.S. 36, 61 (2004). In *Crawford,* the Supreme Court held that the Confrontation Clause bars the admission of a witness's testimonial statement against a criminal defendant unless the witness is unavailable, and the defendant had a prior opportunity to cross-examine the witness.

In addressing *Crawford,* the government argues the evidence sought to be admitted is non-testimonial because it was generated merely to establish a factual basis for the state court to accept the guilty pleas of Brown and Rogers. The court disagrees with this analysis. The Tenth Circuit holds that a statement at a change of plea hearing falls within the core class of testimonial statements. *United States v. Lopez-Medina*, 596 F.3d 716, 734 (10th Cir.2010).² Thus, such statement cannot be admitted in another defendant's trial for the truth of the matter asserted unless the declarant is unavailable and the defendant had a prior

---

²*See also United States v. Ackerly,* 981 F.3d 70, 76 (1st Cir.2020)("The government does not gainsay that a guilty plea constitutes a testimonial statement under [*Crawford*]"). "A guilty plea is the kind of statement that we previously have found to fall within the compass of the Confrontation Clause." *Id.*

opportunity for cross-examination. *Id.*[3] Here, as in *Lopez-Medina,* there is no indication defendant Johnson had a prior opportunity to cross-examine Brown or Rogers.

Somewhat similar to the government's arguments in the case at bar is *Zuniga v. Felker,* 458 Fed.Appx. 693 (9th Cir.2011). The court (reviewing the denial of a §2254 motion) found a clerk's minutes of a co-defendant's guilty plea could be properly introduced as they "were public records that were created to document routine court activity, not for the purpose of being introduced at [defendant's] trial." *Id.* at 694. The court, however, went on to say "[t]he minutes do not describe the factual basis for the plea, serve no prosecutorial function, and do not explicitly implicate [defendant ]". *Id.* Here, the proposed evidence does all three.

Should the government contemplate offering some type of redacted guilty plea form (perhaps suggested by #39 at 5 n.1) the court would exclude it under Rule 403 F.R.Evid., as the probative value is substantially outweighed by the danger of unfair prejudice. Only defendant Johnson is on trial. The primary purpose of advising the jury that someone accused of the same conduct has pleaded guilty would be to suggest the defendant's own guilt. Should Brown or Rogers take the witness stand at trial, of course, he may testify about his plea of guilty and other matters, subject to cross-examination. The Confrontation Clause would be satisfied.

---

[3]Regarding unavailability, the government stated "[i]f called to testify at Johnson's trial, the government believes that this arguable criminal exposure may be an impetus for the declarants to assert their respective Fifth Amendment privileges against self-incrimination." (#39 at 5 n.2)(emphasis added). Subsequently, the government has indicated it believes Brown will testify (#65).

It is the order of the court that the first motion of the government *in limine* (#39) is hereby denied.

**ORDERED THIS 5th DAY OF NOVEMBER, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**